[Civ. No. 1570.   Fourth Appellate District.—February 16, 1935.]

JOSEPH MANGANO et al., Appellants, v. GUARANTY BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent.

Harry H. Parsons, Raymond E. Hodge and H. W. Phipps for Appellants.

George T. Warren for Respondent.

BARNARD, P. J.—This is a motion to dismiss the appeal or affirm the judgment on the ground that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The only question presented is whether an amended complaint stated a cause of action. A demurrer thereto was sustained and the plaintiffs

in open court declined to further amend. A judgment of dismissal was entered and this appeal followed. The plaintiffs dismissed the action as against the defendant city, and the defendant building and loan association will be herein referred to as the defendant.

The allegations of the complaint are so indefinite and uncertain that it is difficult to understand what was intended thereby. So far as we are able to understand the pleading it attempts to set out that the plaintiffs owned a building in the City of Redlands; that they had borrowed $22,000 from the defendant, secured by a trust deed on this property; that on May 1, 1933, while they were in default in certain payments of both principal and interest, the defendant orally agreed to accept $12,500 worth of its certificates, which then had a present value of 54 cents on the dollar, in full settlement of the indebtedness referred to; that on June 1, 1933, the defendant changed its mind and recorded a notice of sale in accordance with the terms of the trust deed; that after due proceedings the property was sold on October 20, 1933, at which time it was bought in by the defendant; that some time in October, the date not being given, the plaintiffs secured a loan for $12,500 and were about to tender this amount to the defendant when the defendant changed its mind and repudiated the agreement; and that in March, 1934, the defendant sold the property to the City of Redlands for $28,500. After thus attempting to allege a breach of an agreement to accept certificates of the value of $12,500 in full settlement of a debt of $22,000, the complaint proceeds to allege that the plaintiffs are entitled to any excess in the amount received by the defendant from the city over the amount of the original indebtedness, and the prayer is for $6,500, as such excess, and for an accounting as to certain attorney's fees and expenses which it is claimed were improperly charged.

The allegations of the complaint with reference to the making of this new agreement are exceedingly vague, and for the most part are pure conclusions. It is not alleged that the plaintiffs agreed to deliver the certificates or anything else, nor is anything said about when this was to be done. If any such agreement was made there is nothing to show or to indicate that the defendant violated the same by filing notice of intention to sell on June 1, 1933, or that in any respect it exceeded its rights by later proceeding to sell the property.

While it is alleged that because of the depression the plaintiffs were unable to secure a new loan until some time in October, 1933, and that they then secured one for $12,500, it is not even alleged that they secured this before the sale was completed. It is not alleged that they ever had or procured any certificates, or that they ever tendered them or anything else to the defendant. No consideration for the purported agreement was alleged, or now appears, and the most that can be said of such facts as are alleged is that they tend to show that an offer was made which was never accepted. Even if an agreement was made, there would appear to be an attempt to change a written contract by an unexecuted oral agreement, without any consideration, which may not be done. (Civ. Code, sec. 1698.)

There are certain allegations tending to show that the defendant knew of this possible market for the land before the foreclosure proceedings were completed, but none to indicate that the plaintiffs were not equally well advised, and there is a complete failure to allege anything that could adversely affect the validity of the sale of this property to the defendant.

The complaint having failed to state a cause of action and the plaintiffs having declined to amend, the judgment was properly entered. The motion is granted and the judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.